UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH A. DIMARTINO,

                Plaintiff,      07-CV-0396

        v.                    **DECISION**
                                          **and ORDER**
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____

## **INTRODUCTION**

Plaintiff Joseph A. DiMartino ("Plaintiff") brings this action pursuant to Title II of the Social Security Act, claiming that the Commissioner of Social Security ("Commissioner" or "Defendant") improperly denied his application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") O. Price Dodson denying his application for benefits was not supported by substantial evidence on the record as a whole and was contrary to applicable legal standards.

Both Plaintiff and Defendant each move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"). Defendant claims that the ALJ's decision was founded in substantial evidence, while Plaintiff claims that the decision was erroneous and not supported by the record. For the reasons set forth below, the Court finds that the ALJ's decision was supported by

substantial evidence and was in accordance with applicable legal standards. The Commissioner's motion for judgment on the pleadings is therefore granted.

## BACKGROUND

Plaintiff initially filed an application for DIB on February 5, 2004, claiming he had been unable to work full time since July 1, 1999, due to anxiety and depression. (Tr. 49-51, 74-83.) That application was denied, and Plaintiff filed another application on August 25, 2004. (Tr. 36, 114). The Social Security Administration again denied his application on January 5, 2005 following which Plaintiff timely requested a hearing before an ALJ. (Tr. 41-45.)

Plaintiff subsequently appeared, with counsel, at a hearing before an ALJ on July 20, 2006. (Tr. 296-314.) At that time, Plaintiff was 49 years old, held a high school equivalency degree, and had been working part-time as a cleaner since 1989. (Tr. 300-01.) During the hearing, Plaintiff's counsel amended his alleged onset date of disability to March 2003. (Tr. 299.) On September 26, 2006, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act, concluding that Plaintiff was ineligible to collect DIB. (Tr. 13-22.) The ALJ's finding became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on April 23, 2007. (Tr. 4-6.) This action followed.

**DISCUSSION**

I.  **Jurisdiction and Scope of Review**

Federal District Courts have jurisdiction to hear claims based on the denial of Social Security benefits. 42 U.S.C. § 405(g). Section 405(g) further specifies that the Court does not review such a claim *de novo*, but rather must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). The Court's review is therefore limited to whether the Commissioner's conclusions were supported by substantial evidence and based on proper legal standards. Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998); Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (citing § 405(g)); see Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

When evaluating whether the Commissioner's findings are supported by substantial evidence, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983). However, where substantial evidence

does support the Commissioner's conclusions, the Court may not substitute its own judgment regarding the facts. Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991).

Each party to this action moves for judgment on the pleadings pursuant to Rule 12(c). Such a judgment may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief, then judgment on the pleadings in favor of Defendant may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. The Commissioner's decision is supported by substantial evidence

In order to be eligible for DIB, a claimant must show that he "cannot engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When determining whether an applicant for DIB is indeed disabled, the Commissioner utilizes a five-step evaluation. See 20 C.F.R. § 404.1520. If the Commissioner determines that the claimant is or is not disabled at a given step, the evaluation does not continue to the next step.

Step One requires a determination whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as work that involves doing significant and productive physical or mental duties, and that is done for pay or profit. 20 C.F.R. § 404.1510. Generally, if an individual has earnings from employment or self-employment that surpass levels identified in regulations, he is presumed to have demonstrated the ability to engage in Substantial gainful activity. 20 C.F.R. §§ 404.1574-1575. The ALJ determined that Plaintiff is not currently engaged in substantial gainful activity. (Tr. 18.)

At Step Two, the ALJ must determine whether the Claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). Here, the ALJ determined that Plaintiff suffers from the severe impairments of depression and generalized anxiety disorder. (Tr. 19.) At Step Three, the Commissioner compares the claimant's impairment(s) with those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's impairment or combination of impairments meets or equals the criteria of a listed impairment, then the claimant is disabled. 20 C.F.R. § 404.1520(d). In applying sections 12.04 and 12.06 of the mental listings, the ALJ found that Plaintiff had the following limitations: "mild restriction of activities of daily living; moderate difficulties in

maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation." (Tr. 19.) Thus, the ALJ determined that Plaintiff's impairments did not qualify as listed impairments. (Id.)

Step Four requires the ALJ to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(f). RFC is defined as the most the claimant can still do despite the limitations of his impairment. 20 C.F.R. § 404.1545(a). To qualify as past relevant work, the claimant's work experience must have been performed within 15 years prior to his application for DIB, must have been long enough for the claimant to learn how to do it, and must have been Substantial gainful activity. 20 C.F.R. § 404.1565(a). Plaintiff has worked part-time as a cleaner since 1989. (Tr. 301.) While this experience has probative value *per se* regarding Plaintiff's capabilities, it also qualified as substantial gainful activity from 1995-1998--within the statutory period for consideration as past relevant work. 20 C.F.R. § 404.1574; Tr. 63.

The ALJ concluded that Plaintiff has non-exertional limitations only and that he has the RFC "to perform non-complex/detailed tasks with minimal interactions with general public." (Tr. 19.) As such, the ALJ found, Plaintiff is capable

of performing his past relevant work as a cleaner, and he is therefore not disabled. (Tr. 19-22.)

The ALJ thoroughly considered medical evidence provided by physicians and psychologists in the record in arriving at this conclusion. (See Tr. 19-21.) It is notable that *none* of the treating or consulting medical experts opined that Plaintiff is completely unable to work. The substantial medical evidence in the record supports the ALJ's determination that Plaintiff is limited to a "low stress work environment," or to "low stress, low demand situations." (Tr. 246-247, 279.) Multiple and varied medical sources opine that Plaintiff can follow and understand simple directions and instructions, perform simple and complex tasks independently, adequately maintain attention and concentration, make simple decisions and adapt to changes, and adequately interact and relate with others in a low-contact setting (Tr. 191, 193-211, 252, 254-59.)

The ALJ also properly considered Plaintiff's daily activities--including his part-time employment--in evaluating and considering Plaintiff's mental health in determining his RFC. Plaintiff is able to cut grass, clean his house, drive to the store when needed, read, use his computer, and drive to his employment, where he works for approximately four-and-a-half hours. (Tr. 303-04.) Taken as a whole, the evidence undermines both the credibility of Plaintiff's testimony regarding the severity of his limitations and

the claim that Plaintiff is incapable of meeting the physical and mental demands of a "regular job." The ALJ's determination of Plaintiff's RFC was therefore reasonably based on substantial evidence in the record.

Once the ALJ determines a claimant's RFC, it is his responsibility at Step Four to apply that RFC to the demands of the claimant's past relevant work. 20 C.F.R. § 404.1560(b). The advice of a vocational expert is valuable in that process insofar as it provides evidence concerning the physical and mental demands of a claimant's past relevant work. See Id. The ALJ's examination of vocational expert Jay Steinbrenner was therefore sufficient, and it reasonably led to the ALJ's determination that Plaintiff is not disabled and that he was capable of performing his past relevant work as a cleaner.

### III. <u>The Commissioner's decision followed proper legal standards</u>

#### A. **The ALJ properly evaluated the weight given to the treating physician's opinion**

A treating source's opinion is afforded *controlling* weight only if it is well supported and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(d); Social Security Ruling 96-2p. When it is poorly supported, or when it is inconsistent with the other substantial evidence, the ALJ may accord it little weight and use his discretion to evaluate it within the body of medical evidence. See <u>Veino v. Barnhart</u>, 312 F.3d 578, 587-88 (2d Cir. 2002). Ultimately, it is the

Commissioner's responsibility to decide whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e).

Here, treating physician Dr. Liong B. Tjoa opined that Plaintiff is markedly to extremely limited in most areas of work and cannot perform a "normal" job. (Tr. 280-82.) However, this opinion is inconsistent with substantial medical evidence in the record which only limits Plaintiff to a low-stress, low-demand setting. Dr. Thomas Ryan opined that Plaintiff is able to follow and understand simple directions and instructions, consistently perform simple rote tasks, and learn new tasks. Dr. Ryan further opined that Plaintiff's decision-making and ability to relate with others are both "fair." (Tr. 191-92.) Dr. Concepcion Hernandez found Plaintiff's capabilities in several areas to be poor under stress, but also found him to have fair mood and information processing. Dr. Hernandez's ultimate opinion was that Plaintiff is limited to low stress work environments. (Tr. 246-47.)

Dr. Renee Baskin-Creel found Plaintiff's attention and concentration to be "mildly impaired" by depression and anxiety, but concurred with Dr. Ryan that Plaintiff is able to follow and understand simple directions and instructions, perform simple tasks, and learn new tasks. Dr. Baskin-Creel further opined that Plaintiff can perform complex tasks independently, make appropriate decisions, and relate adequately with others. (Tr. 251-52.) Dr. M. Sadiqur Rahman found that Plaintiff can understand and

follow simple directions, maintain attention and concentration to perform simple tasks, and interact with others "adequately" in low-contact settings. (Tr. 254-59.) Therefore, it was appropriate for the ALJ to accord Dr. Tjoa's opinion little weight and to exercise his discretion to evaluate Dr. Tjoa's opinion in the context of the medical evidence in the record as a whole. The ALJ properly relied on the evidence of plaintiff's part-time work to show that plaintiff was capable of performing the physical and mental demands of a "regular job." (Tr. 21-22.) The ALJ, in his decision, relied upon the plaintiff's ability to work for almost five hours a day in addition to other daily activities he performed such as mowing the lawn, caring for his children, and doing household chores, which certainly casts doubt on the plaintiff's claim that he was severely limited. (Tr. 19-21.)

**B. The ALJ properly developed the record**

A Social Security hearing is inquisitorial rather than adversarial. See Sims v. Apfel, 530 U.S. 103, 110-11 (2000). As such, the ALJ has an affirmative duty to develop the record, even when the claimant is represented by counsel. See Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citing Schaal, 134 F.3d at 505). However, when there is sufficient evidence in the record--even after weighing conflicting medical evidence--to conclude that a claimant is not disabled, the ALJ is not required to develop the record any further. See 20 C.F.R. § 404.1527(c). As outlined

above, there was sufficient evidence in the record to conclude that Plaintiff is not disabled. The ALJ followed the appropriate legal standard in making his determination; that he properly evaluated the medical evidence in the record; and that the plaintiff's limitations do not preclude him from performing all gainful activity.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
June 10, 2009